IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK W. REGNERY, LINDSAY REGNERY, FREDERICK L. REGNERY, and GEOFFREY REGNERY** | ) ) ) ) | |
| Plaintiffs | ) ) | No. 09 C 1010 |
| v. | ) ) ) | |
| **GRETCHEN REGNERY WALLERICH and LYNN REGNERY,** | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Frederick W. Regnery ("Fred Sr."), a co-trustee and beneficiary of trusts established by his parents, and his children Lindsay Regnery, Frederick L. Regnery, and Geoffrey Regnery, also beneficiaries of the trusts and co-trustees of a resulting trust, sued defendants Gretchen Regnery Wallerich and Lynn Regnery--Fred Sr.'s sisters and co-trustees and beneficiaries of the trusts--in the Circuit Court of DuPage County. Defendants removed to this court and now seek to dismiss plaintiffs' four-count complaint on two grounds: lack of personal jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, defendants seek an order for a more definite statement. Their motion is granted in part.

First, I decline to grant the motion based on lack of personal jurisdiction, since although both defendants have resided in states other than Illinois for many years, and have, as co-trustees of the

trusts at issue, co-administered the trusts from their respective states of residence, on balance I find that the exercise of personal jurisdiction meets the requirements of due process under the Illinois and federal constitutions, which is the only analysis I must undertake. *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill.App.3d 381, 383, 827 N.E. 2d 1031, 1033 (2005) (because "catch-all" provision of Illinois long-arm statute allows jurisdiction "on any other basis now or hereafter permitted by the Illinois constitution and the Constitution of the United States," courts need no longer perform two-step analysis to determine whether specific acts identified in long-arm statute are at issue). The relevant constitutional analysis focuses on whether defendants have "minimum contacts" with Illinois of a kind that allows them reasonably to anticipate that they may be sued here. *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "[P]arties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Id.* at 472 (quoting *Travelers Health Ass'n. v. Virginia*, 339 U.S. 643, 647 (1950)).

In this case, plaintiffs are all Illinois citizens or residents.[1] In addition, although the parties dispute what proportion of the trust asserts are currently located in Illinois, there seems to be no dispute that a non-negligible portion of the liquid assets are currently held at bank accounts in Chicago, and that from the time the trusts were established in 1966 and 1989 through at least 2007 (during which period defendants became co-trustees of the trusts and engaged in at least some of the allegedly unlawful conduct), the trust assets included real estate located in Illinois. The trust instruments were executed in Illinois and created under Illinois law. Moreover, Verla K. Regnery (the mother of defendants and the mother or grandmother of the plaintiffs), who was the original beneficiary of the trusts and remained the sole beneficiary until her death, was an Illinois resident from the time the trusts were established until she died in 2007. These are the sorts of factors that militate in favor of finding jurisdiction under Illinois state law, see *People v. First National Bank*, 364 Ill. 262, 268, 4 N.E.2d 378 (Ill. 1936), and that also support the conclusion that defendants reasonably could

---

[1] The complaint only asserts that plaintiff Frederick W. Regnery is an Illinois citizen, but in their response to defendants' motion, plaintiffs assert that they are all Illinois residents.

anticipate being haled into court in Illinois for their acts as co-trustees of the trusts.²

I now turn to defendants' argument for dismissal under Rule 12(b)(6). Plaintiffs assert four claims: Count I seeks an accounting pursuant to the terms of the trust agreements; Count II alleges breach of the trust agreements; Count III alleges breach of fiduciary duty; and Count IV alleges fraud. Although defendants seek dismissal of the complaint in its entirety, they raise no argument for dismissing Count I. Accordingly, this claim may proceed.

As to Counts II-IV, defendants argue that all of these claims are "grounded" or "sound" in fraud, and thus must meet the more stringent pleading requirements of Rule 9(b). I disagree. While it is true that Rule 9(b) applies to "averments of fraud," which may underlie claims that are not, by definition, fraudulent torts, *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007), whether Rule 9(b) applies depends on a reading of the factual allegations. *Id*. Here, the allegations underlying Count

---

²It should be clear that the jurisdiction asserted at this stage is specific, not general jurisdiction. Although plaintiffs have alleged jurisdiction based on the claim that defendants "regularly have contacts or business in Illinois," this claim is not supported by the documents appropriately before me. Instead, I find that specific jurisdiction over claims relating to defendants' acts as co-trustees of the trusts at issue is proper in light of the considerations set forth above. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984) (distinguishing between general and specific jurisdiction).

4

II make no mention of fraud, but rather assert that defendants withdrew trust funds in violation of the provisions of the trust agreement. Based on these allegations, the factual material set forth in the complaint, taken as a whole, is sufficient "to raise a right to relief above a speculative level." *Bell Atlantic v. Twombley*, 127 S.Ct. 1955, 1965 (2007). Count II thus survives defendants' motion.

In Count III, plaintiffs allege that defendants breached their duty of good faith and loyalty to the trusts' beneficiaries by, *inter alia*, withdrawing funds for their personal use and coercing their mother to amend one of the trusts to the defendants' personal benefit. In essence, plaintiffs claim that in their capacity as co-trustees of the trusts, defendants had a fiduciary duty to plaintiffs, and that they breached this duty through certain specified conduct. This claim is not obviously premised upon allegations of fraud. Count III may also proceed.

I agree with defendants, however, that Count IV of the complaint fails to state a cause of action. The only allegedly fraudulent statement that plaintiffs identify with particularity is a statement defendants made to a third party regarding their authority to withdraw trust assets from the trusts' Chicago bank accounts. "To sustain a cause of action for fraud, plaintiffs must plead the following basic elements: statements of material facts were made; defendants must have known or believed such statements

5

to be untrue; *plaintiffs* had a right to rely or were justified in relying upon those statements; the statements were made for the purpose of inducing *plaintiffs* to act or rely upon them; plaintiffs were damaged as a result of *their reliance* upon said statements." *Prime Leasing, Inc. v. Kendig*, 332 Ill.App.3d 300, 308-09 (Ill.App.Ct. 1998)(*citing Sims v. Tezak*, 296 Ill.App.3d 503, 509, 694 N.E.2d 1015 (Ill.App.Ct. 1998))(emphasis added). I agree with defendants that because the allegedly fraudulent statement was made to a third party, plaintiffs cannot show that they themselves relied on the statement in any manner whatsoever. To the extent plaintiffs' fraud claim is premised on statements of material fact defendants allegedly made *to plaintiffs*, the complaint fails to identify any such statements with the requisite particularity. Therefore, Count IV is dismissed. If plaintiffs elect to amend their fraud claim, they should indeed be mindful of their obligation to conduct "more than the usual" precomplaint investigation, *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999), and to identify with particularity the "who, what, where, when and how" of any allegedly fraudulent statements. Allegations based merely on "information and belief" are indeed insufficient to support claims of fraud. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).

For the foregoing reasons, defendants' motion to dismiss is denied as to Counts I-III and granted as to Count IV.  Their alternative motion for a more definite statement is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:  May 14, 2009