UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK W. REGNERY, LINDSAY REGNERY, FREDERICK L. REGNERY, and GEOFFREY REGNERY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| GRETCHEN REGNERY WALLERICH, and LYNN REGNERY, | ) ) ) |
| Defendants. | ) |

09 C 1010

Judge George M. Marovich

## MEMORANDUM OPINION AND ORDER

Plaintiffs Frederick W. Regnery ("Frederick W.") and his children, Lindsay Regnery ("Lindsay"), Frederick L. Regnery ("Frederick L.") and Geoffrey Regnery ("Geoffrey"), filed a second amended complaint against Frederick W.'s two sisters, Gretchen Regnery Wallerich ("Gretchen") and Lynn Regnery ("Lynn"). The dispute involves two trust funds. Defendants move for judgment on the pleadings with respect to certain claims. For the reasons set forth below, the Court grants in part and denies in part the motion.

**I.    Background**

The following facts are taken from the pleadings and are, unless otherwise noted, admitted by all of the parties.

Members of the Regnery family are fighting over two trusts. The first trust, Marital Trust A, was created by the father of plaintiff Frederick W. and defendants Gretchen and Lynn for the benefit of their mother, Verla Regnery, who passed away in November 2007. Marital Trust A provides, in relevant part:

> THIRD: (b) All of the income from Trust "A" from the date of my death shall be paid to my wife, VERLA REGNERY, in convenient installments, at least quarter-annually, so long as she shall live. In addition to the net income of Trust "A", the Trustees shall pay at any time and from time to time to my wife, VERLA REGNERY, so long as she shall live, such amounts from the principal of Trust "A" as the Trustees in their absolute and sole discretion shall deem necessary, appropriate or advisable.
>
> (c) Upon the death of my wife, the assets then remaining in Trust "A", with the income accrued thereon, shall be distributed to such person or persons or to the estate of my wife, free of all trusts created hereunder, in such manner and in such proportions as my wife may designate and appoint in and by her Last Will. Such power of appointment hereby conferred upon my wife shall be exercisable by her exclusively and in all events.

Marital Trust A. The three trustees of Marital Trust A are Frederick W., Gretchen and Lynn.

Frederick W., Frederick L., Lindsay and Geoffrey were never direct beneficiaries of Marital Trust A.

The second trust over which the parties are fighting is the Verla Regnery Trust (the "Verla Trust"). The Verla Trust was formed in 1989 and amended and restated in 2003. Verla was the primary beneficiary of the Verla Trust, and Gretchen and Lynn were the co-trustees. Under the terms of the Verla Trust, the remainder was to be distributed in equal, one-third parts to Frederick W., Gretchen and Lynn. Gretchen and Lynn were to receive their parts outright. Frederick W. was to receive his part via the Frederick W. Regnery Trust, of which Frederick L., Lindsay and Geoffrey are the co-trustees.

## II. **Standard on a motion for judgment on the pleadings**

A party may move for judgment on the pleadings at any time after the pleadings have closed. *See* Fed.R.Civ.P. 12(c). In this case, the pleadings include the second amended complaint, answer, counterclaims, answers to counterclaims and the trust documents attached to plaintiffs' second amended complaint. *See* Fed.R.Civ.P. 7(a), 10(c). A court may not consider

evidence outside of the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(d). In considering a motion for judgment on the pleadings, a court applies the same standard as when considering a motion to dismiss for failure to state a claim and considers the facts in the light most favorable to the non-moving party. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

## III. Discussion

### A. Plaintiffs' claim for an accounting

In Count I, plaintiffs seek an accounting under both the Verla Trust and Marital Trust A. Defendants move for judgment on the pleadings on the grounds that certain plaintiffs are not beneficiaries and, therefore, lack standing.

With respect to Marital Trust A, defendants seek judgment on the pleadings on the grounds that none of the plaintiffs are beneficiaries of Marital Trust A. Their point is well taken. Under Illinois law, a trustee must furnish an accounting to each beneficiary at least annually. *See* 760 ILCS § 5/11(a) ("Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income from the trust estate a current account showing the receipts, disbursements and inventory of the trust estate."). Plaintiffs are not beneficiaries, but they argue that Frederick W., as a trustee of Marital Trust A, should still be entitled to an accounting from the other trustees. The statute, however, does not require trustees to provide an accounting to non-beneficiaries. *See Godfrey v. Kamin*, Case NO. 99 C 3230, 2000 WL 1847768 at n. (N.D. Ill. Dec. 14, 2000), *aff'd* 2001 WL 1117086 (7th Cir. 2001). The Court is not aware of (and the plaintiffs have not pointed out) any authority that would require the

trustees of Marital Trust A to provide an accounting to plaintiffs. Defendants' motion for judgment on the pleadings on Count I as to Marital Trust A is granted.

Next, with respect to the Verla trust, defendants move for judgment on the pleadings as to plaintiff Frederick W. Here again, defendants argue that Frederick W. lacks standing to obtain an accounting because he is not a beneficiary. As defendants point out, the Frederick W. Regnery Trust–not Frederick W. himself–is a beneficiary of the Verla Trust. Thus, while the trustees (i.e., Frederick L., Lindsay and Geoffrey) of the Frederick W. Regnery Trust have standing to seek an accounting, Frederick W. does not. Accordingly, the Court grants defendants' motion for judgment on the pleadings with respect to Frederick W.'s claim for an accounting of the Verla Trust.

The only part of Count I that remains is Frederick L., Lindsay and Geoffrey's claim for an accounting of the Verla Trust.

Defendants argue that the remaining part of Count I–the claim for accounting under the Verla Trust–is barred by a three-year statute of limitations. As defendants point out, the statute provides that "[a] current account shall be binding on the beneficiaries receiving the account and on such beneficiaries' heirs and assigns unless an action against the trustee is instituted by the beneficiary or such beneficiary's heirs and assigns within 3 years from the date the current account is furnished." 760 ILCS § 5/11(a). Thus, in order for defendants to obtain judgment on the pleadings, the defendants would have to show that it is clear from the pleadings that accountings were furnished more than three years before the suit was filed. The Court concludes that defendants are not entitled to judgment on the pleadings on this issue, because there is an issue of fact about whether any accounting was provided to the beneficiaries more than three

years before the suit was filed. Defendants assert that a current accounting was provided annually, and plaintiffs assert that no such accounting was ever provided. This is not an issue that can be resolved on a motion for judgment on the pleadings.

### B. Plaintiffs' claim for breach of trust

In Count II, plaintiffs assert that defendants, as trustees of the Verla Trust and Marital Trust A, breached the trusts and dissipated the assets. Defendants argue that only beneficiaries of trusts can sue for breach of the trust, and defendants cite § 200 of the Restatement (Second) of Trusts to support their argument. *See Restatement (Second) Trusts § 200* ("No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin redress for a breach of trust."). The comments to the restatement, however, say that a co-trustee can maintain a suit "against another to compel him to perform his duties under the trust, or to enjoin him from committing a breach of trust, or to compel him to redress a breach of trust committed by him." *See Restatement (Second) Trusts § 200 Comment (e)*. The Court concludes that Frederick W., as a trustee of Marital Trust A, has standing to sue for breach of Marital Trust A. Frederick L., Lindsay and Geoffrey, as trustees of the Frederick W. Regnery Trust, have standing to sue for breach of the Verla Trust.[1]

Defendants' motion for judgment on the pleadings is denied as to Count II.

---

[1]In their reply brief, defendants argue that Counts II and III are barred by the statute of limitations. Defendants, however, failed to address this issue in their opening brief. The Court deems the argument waived (for purposes of this motion), because it would be unfair to consider the argument when the plaintiffs had no opportunity to address it.

### C. Plaintiffs' claim for breach of fiduciary duty.

In Count III, plaintiffs assert that defendants, as trustees of the Verla Trust and Marital Trust A, breached their fiduciary duties. Once again, defendants move for judgment on the pleadings with respect to those plaintiffs who are not beneficiaries of the respective trusts, because they lack standing to sue. Trustees owe fiduciary duties only to the beneficiaries of the trust. *Green v. First Nat'l Bank of Chi.*, 162 Ill. App.3d 914, 920, 516 N.E.2d 311, 314 (Ill.App. Ct. 1987). With respect to Marital Trust A, none of the plaintiffs is a beneficiary. Accordingly, defendants are granted judgment on the pleadings with respect to that portion of Count III that involves Marital Trust A.

With respect to the Verla Trust, only Frederick L., Lindsay and Geoffrey (as trustees of the Frederick W. Regnery Trust) have standing to sue. Frederick W. lacks standing to sue for breach of trust with respect to the Verla Trust. Accordingly, the Court grants defendants judgment on the pleadings with respect to Frederick W.'s claim for breach of fiduciary duty.

## IV. Conclusion

For the reasons set out above, the Court grants in part and denies in part defendants' motion for judgment on the pleadings. Plaintiff Frederick W. Regnery's claims in Counts I and III are dismissed with prejudice. The portions of Counts I and III having to do with Marital Trust A are dismissed with prejudice.

ENTER:

George M. Marovich
United States District Judge

DATED: September 28, 2010